**PHILLIPS PETROLEUM CO., Plaintiff,**

v.

**Manuel LUJAN,[1] Defendant.**

**No. 88–C–1487–E.**

United States District Court, N.D. Oklahoma.

July 13, 1989.

**1.** Manuel Lujan succeeded Donald P. Hodel as Secretary of the Interior during the pendency of this action and shall be substituted as the party defendant hereafter.

Paul E. Swain, Boone, Smith, Davis, Hurst & Dickman, Tulsa, Okl., for plaintiff.

Peter Schaumberg and Douglas Bowman, Dept. of Interior, Washington, D.C., Nancy Blevins, Asst. U.S. Atty., Tulsa, Okl., Gerald Fish, U.S. Dept. of Justice, Washington, D.C., for defendant.

## ORDER

ELLISON, District Judge.

This matter comes before the Court on the motion of the Secretary of the Department of Interior to dismiss. The Secretary argues that Plaintiff, Phillips Petroleum Co. (Phillips) has not exhausted its available administrative remedies and, therefore, no final and appealable order exists from which to appeal to this Court.

■ The doctrine of exhaustion of administrative remedies is not a matter of jurisdiction but is within the sound discretion of the Court. *Rocky Mountain Oil & Gas Ass'n v. Watt*, 696 F.2d 734 (10th Cir.1983). The question presented is whether Phillips should be required to appeal first to the next highest administrative level and to there request a stay of the Order at issue before appealing to this Court.

The Administrative Procedure Act (APA), 5 U.S.C. § 704 provides for the right of judicial review of final agency action. Under this section an agency may require an appeal to a superior agency authority as a prerequisite for judicial review. If it does so require, however, it must also provide that the agency action is stayed while the administrative appeal is pending.

In this case Phillips appeals from an order of the Minerals Management service (Royalty Compliance Division) of the Department of the Interior (MMS) directing Phillips to produce for audit purposes a variety of documents concerning royalty payments. The requested documents cover oil and gas production from October 1, 1989 to September 30, 1982. Phillips contests this order on the grounds that the order is beyond the general limitations statute governing contract claims asserted by the United States, 28 U.S.C. § 2415. The order specifies a right to appeal to the Director of the MMC, but the order also specifies that Phillips' compliance is not stayed pending appeal.

Because the order requiring document production remains operative pending appeal, the order constitutes a final agency action within the meaning of the APA, 5 U.S.C. § 704. The order is, therefore, reviewable in this Court, and the Secretary's Motion to Dismiss should accordingly be denied.

■ As further grounds for this conclusion the Court finds that the purposes of the exhaustion doctrine would not be advanced by dismissal in favor of agency review. The question presented in this action is one of statutory interpretation, namely, whether the six-year limitation of 28 U.S.C. § 2415 bars the Secretary from audit review of Phillips' documents from the period 1980–1982. Nothing would be gained by development of a factual record before the agency. No application of special agency expertise or discretion is needed to resolve this question. Deferral to the agency would not significantly advance the orderly flow of appeals because the district courts routinely have heard similar cases involving statutory construction *e.g., Chevron USA, Inc. v. Watt*, 564 F.Supp. 1256 (E.D.La.1983). The Court notes that the statutory construction issue is now ripe for decision.

IT IS THEREFORE ORDERED that the motion to dismiss of Defendant, the Secretary of the Interior, is denied; and

IT IS FURTHER ORDERED that the motion for summary judgment of Plaintiff

Phillips Petroleum Company is set for oral argument on the 15th day of August, 1989 at 9:30 a.m. before this Court.